Argued and submitted October 28, 1981, affirmed February 8, 1982

## NORTHWEST PIPE & CASING CO.,
*Appellant,*

*v.*

## ZUBER BROTHERS CONTRACTORS,
*Defendant,*

*and*

## FIREMAN'S FUND INSURANCE COMPANY,
*Respondent.*

(No. A7912-06164, CA 19987)

640 P2d 638

David W. Axelrod, Portland, argued the cause for appellant. With him on the brief was Schwabe, Williamson, Wyatt, Moore & Roberts, Portland.

William R. Miller, Jr., Portland, argued the cause for respondent. With him on the brief was Wolf, Griffith, Bittner, Abbott & Roberts, Portland.

Before Richardson, Presiding Judge, and Thornton and Van Hoomissen, Judges.

THORNTON, J.

## THORNTON, J.

This case arises under Washington law. The sole issue presented is whether plaintiff filed its notice of claim against defendant's performance bond within the time prescribed by Washington law. RCW 39.08.030.

Plaintiff appeals from a summary judgment in favor of the defendant insurance company granted on the ground that plaintiff's claim was not filed within thirty days of either (a) the acceptance of the work by the "affirmative action" of the Washington Department of Fisheries or (b) the completion of the contract. Defendant Zuber made no appearance, and plaintiff was granted a default judgment against Zuber.

The essential facts are not in dispute.

In June, 1978, defendant Zuber entered into a contract with the State of Washington to construct certain improvements at the Nemah Fish Hatchery. Zuber furnished a performance bond executed by defendant insurance company. In October and November, plaintiff provided steel pipe for the project. On April 24, 1979, the state's project engineer assigned to the project issued a completion certificate. The certificate certified that Zuber had met "the requirements of the plans and specifications" and "the provisions of the contract with respect to the times of commencement and completion of the work * * * ."

On September 5, 1979, Zuber executed its release in favor of the State of Washington covering, *inter alia,* claims for additional compensation. On October 24, 1979, the Department of Revenue filed its report with the Department of Fisheries certifying that Zuber had performed the obligations owed to the Department of Revenue pursuant to the prime contract. On October 30, 1979, plaintiff filed its notice of claim in the appropriate form.

In November, 1979, the Employment Security Division filed its report with the Department of Fisheries certifying that Zuber had completed the reporting and payment obligations owed that agency under the prime contract. Also in November, 1979, the Department of Labor and Industries filed its report with the Department of

Fisheries certifying that Zuber had performed its reporting and payment obligations pursuant to the prime contract. Thereafter, the Department of Fisheries released to Zuber and its assignees final payment in connection with the Nemah Fish Hatchery improvement.

The key language of RCW 39.08.030 reads:

"* * * Provided, That such persons shall not have any right of action on such bond for any sum whatever, unless within thirty days from and after the completion of the contract with an acceptance of the work by the affirmative action of the board, council, commission, trustees, officer, or body acting for the state * * * the * * * materialman, or person claiming to have supplied materials, provisions or goods for the prosecution of such work, or the making of such improvement, shall present to and file with such board, council, commission, trustees or body acting for the state * * * a notice in writing [of the claim] * * *."

We conclude that plaintiff's claim must fail. Under the above statute, plaintiff was required to file its claim within 30 days of the completion of the project as signified by the acceptance of the project by "* * * the board, council, commission, trustees, officer or body acting for the state * * *." Plaintiff failed to do so.

The state's project engineer was authorized under the statute to act for the state when he issued the completion certificate on April 24, 1974. *Union Iron Works v. Strauser et al,* 82 Wash 51, 143 P2d 446 (1914). *See also Wheeler, Osgood Co. v. Fidelity and Deposit Co.,* 78 Wash 328, 139 P 53, 55 (1914). He did so on April 24, 1979.

Affirmed.